UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEDRO DIAZ,

                              Plaintiff,

                    -v.-

STACY BENNETT, Superintendent, et al.,

                            Defendants.

7:24-CV-6823 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

      Plaintiff Pedro Diaz, who is appearing pro se and is currently incarcerated in the Coxsackie Correctional Facility, a New York State Department of Corrections and Community Supervision ("DOCCS") prison located in Coxsackie, New York, brings this Action asserting claims of violations of his federal constitutional rights under 42 U.S.C. § 1983, seeking damages.[1] He sues: (1) Stacy Bennett, Sullivan's Superintendent; (2) "Morrow," a DOCCS administrative disciplinary Hearing Officer; and (3) Anthony J. Annucci, the former Acting Commissioner of DOCCS (together, the "Defendants").

      By order dated September 10, 2024, the court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.[2] The Court: (1) directs service on the defendants; and (2) directs the defendants to comply with Local Civil Rule 33.2.

---

[1] Plaintiff filed his complaint while incarcerated in the Sullivan Correctional Facility, another DOCCS prison located in Fallsburg, New York.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

**A.     Service on the Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the U.S. Marshals Service ("USMS") to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service of the complaint on the Defendants, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of the Defendants. The Clerk of Court is further instructed to issue a summons for each of the Defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service of the summonses and the complaint upon the Defendants.

If the summonses and the complaint are not served on the Defendants within 90 days after the date that summonses for the Defendants have issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[3]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

B.  **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires particular defendants in certain types of prisoner actions to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of the date of service, the Defendants must serve responses to those standard discovery requests. In their responses, the Defendants must quote each request verbatim.[4]

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court directs service on Defendants Bennett, Morrow, and Annucci.

The Court also directs the Clerk of Court to: (1) issue summonses for Bennett, Morrow, and Annucci; (2) complete USM-285 forms with the service addresses for those defendants; and (3) deliver all documents necessary to effect service of summonses and the complaint on those defendants to the USMS.

Within 120 days of the date of service, each Defendant must comply with Local Civil Rule 33.2.

SO ORDERED.

Dated:   October 16, 2024
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

---

[4] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

## DEFENDANTS AND SERVICE ADDRESSES

1. Stacy Bennett, Superintendent
   Sullivan Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, New York 12733-0116

2. Morrow, Hearing Officer
   Sullivan Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, New York 12733-0116

3. Anthony J. Annucci, former Acting Commissioner
   New York State Department of Corrections and Community Supervision
   1220 Washington Avenue #9
   Albany, New York 12226